Stewart, J.
This is an action brought to enjoin the collection of an assessment for the improvement of Jefferson avenue. Several grounds are alleged for the allowance of an injunction, but the only one which is urged here is what is styled the third cause of action, which is that the ordinance providing for said improvement is void and of no effect for the purpose of charging said assessment on this plaintiff, for the reason “ that said ordinance was pretended to be passed at a meeting of said city council *197 on March 25, 1889, at the same time that said ordinance and an ordinance for]the improvement of a portion of Marshall avenue, and also eight other ordinances were reported from a committee of said council and read a third time; and upon a single and the same calling of the ayes and noes upon the question of all said ordinances, the same and all of said ordinances were declared passed at the same time, and upon the same and a single vote of said council, there being no other or separate vote taken upon said ordinance for the improvement of Jefferson avenue.”
To this cause of action a demurrer has been filed, and thereby the question is made whether it is requisite for the valid enactment of an ordinance that the yeas and nays should be called upon the passage of each ordinance.
The provision in regard to the passage of ordinances is found in the Revised Statutes, see. 1693, and so far as pertinent, reads as follows:
“Ordinances, etc., shall require for their passage or .adoption the concurrence of a majority of all the members elected, * * * and the vote on their passage or adoption shall be taken by yeas and nays, and recorded on the journal; and no contract, etc., shall be" entered into except by an ordinance,” etc.
In the case of Bloom v. Xenia, 32 Ohio St. 461, 466, where sec. 1694 was under consideration, it was held that every ordinance must be read on three different days, unless the rules were suspended, etc. This was following the well settled principle that municipal corporations, being of special and limited jurisdiction, must strictly observe their powers, and in the exercise of those powers must observe the forms the law has directed. While sec. 1694 now reads: “By-laws, resolutions, ordinances, etc.,” using the same language as in section 1693. At the time of the decision in Bloom v. Xenia, supra, the section read : “All by-laws, resolutions, ordinances, etc.;” this word “ all ” the Supreme Court in that case held, meant “ every,” and required that each ordinance should be read on three separate days, unless the rules were suspended, etc.
*198 At the time of the above decision the language of section 1693 was the same as that of section 1694 : “ All ordinances,” etc. 66 Ohio L. 165.
These statutes being in pari materia, it would follow that if the same language was used in the statute now, as was found therein at the time of the decision in Bloom v. Xenia, supra, following the reasoning'and conclusion in that case, we must hold that “every ordinance, etc.,” would require for its passage a yea and nay vote. The change which was made in the statute was made by the commission appointed to revise, etc., the statutes, and is first found in the report of the commissioners as passed by the legislature in 75 Ohio L. 200. But this being a revision of the general statutes of the state, the same construction will be given to the language of the statute as revised, as has been given before the revision, notwithstanding the change in language. State ex rel. v. Stockley, 45 Ohio St. 304, 308.
It follows, then, that this ordinance was not passed in accordance with the requirements of the statute.
It is claimed, however, that the plaintiff cannot maintain this action, for the reason that she does not claim that there were any substantial defects in the improvement, and that the failure to pass the ordinance for the improvement is within the saving clause of the act of May 11, 1886 (83 Ohio L. 140), under which this improvement was made. Section 9 of that act provides: “ In any action to enforce or enjoin any assessment, the court shall disregard any irregularity or defect, whether in the proceedings of the said board or council, or any officer of the corporation, or in the plans or estimates.” The language here used as to the defects and irregularities which are to be disregarded by the court is very broad; broader than the provision in secs. 2289 and 2327, Rev. Stat., and it does not seem to a majority of the court, that it could have been within the contemplation of the legislature, that an improvement could be made, and the cost thereof assessed upon the property owner, when no ordinance was passed authoriz *199 ing the improvement. That this would not be a defect or irregularity within the meaning of this section, for it was an absence of all action on the part of the council. If one step could be omitted, all might be, and an improvement made without any action at all on the part of the city council. The office of construction, when a statute is the subject of it, is to ascertain the legislative will. It seems to the majority of the court that the legislative purpose in the passage of this section was to compel the property owner, who, presumably, had been benefited by the improvement, to pay for the same unless there was some fundamental or substantial defect in the proceedings, but not to have it apply to cases where there was an absence of such an important proceeding as the passage of the ordinance ordering the improvement. Burgett v. Burgett, 1 Ohio, 480; Strawn v. Commissioners, 47 Ohio St.-.
Paul Jones, City Solicitor, for demurrer.

G. C. Williams, contra.

The demurrer will be overruled.
Shauck, J., dissents.